IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01643-PAB-CBS

J. BRUCE NORMAN and
DIANE NORMAN,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

## ORDER

---

    This matter is before the Court on the Motion to Continue Trial [Docket No. 66] and Motion to Amend the Amended Pre-Trial Order (Doc. # 47) and Pre-Trial Disclosures and Motion for Leave to Reopen Discovery to File Amended Expert Report or, Alternatively, Motion to Retain a New Damage Expert [Docket No. 67] filed by plaintiffs J. Bruce and Diane Norman.

    On March 14, 2014, defendant State Farm Fire and Casualty Company filed its Motion to Exclude Testimony of Plaintiffs' Experts (the "motion to exclude") [Docket No. 28], which primarily attacked the opinions of plaintiffs' damages expert David Poynor. Defendant asserted that Mr. Poynor's opinions should be excluded pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702.  Docket No. 28 at 3, 5.  Defendant argued that Mr. Poynor failed to establish a causal connection between his cost estimates and the Waldo Canyon Fire.  *Id.* at 6-7.  On April 4, 2014, plaintiffs filed a response to the motion to exclude, Docket No. 31, and, on May 1, 2014, defendant filed its reply.

Docket No. 37.  On July 17, 2014, this case was set for a five-day jury trial beginning on December 8, 2014.  Docket No. 45.

On November 19, 2014, the Court ruled on the motion to exclude.  Docket No. 63.  The Court excluded Mr. Poynor's opinions pursuant to Fed. R. Evid. 702, concluding that, "[b]ecause Mr. Poynor does not explain what methods he used in determining the extent of fire damage to the Normans' property, the Court is left without a basis for determining whether such methods were reliable."  *Id.* at 11-12.[1]

On November 21, 2014, plaintiffs filed the present motions.  Docket Nos. 66, 67.  Plaintiffs argue that, because the exclusion of Mr. Poynor's opinion leaves them "without a retained damage expert," Docket No. 66 at 1, a continuance of 75 days is warranted to allow plaintiffs to submit an amended expert report from Mr. Poynor (the "proposed amended report"), Docket No. 66-1, or, in the alternative, designate a new damages expert.  Docket No. 66 at 1-2.  Plaintiffs seek leave to amend the Amended Final Pretrial Order [Docket No. 47] and move to reopen discovery for the limited purpose of disclosing the proposed amended report or, in the alternative, disclosing an additional damages expert.  Docket No. 67 at 1-2.  Defendant opposes the relief requested in both motions.  Docket Nos. 72, 73.

The Court first turns to plaintiffs' motion to continue the trial.  The relevant factors in resolving such a motion are

[1] the diligence of the party requesting the continuance; [2] the likelihood

---

[1]The Court also noted that, to the extent plaintiffs argued that Mr. Poynor's opinions could be utilized to show the abstract cost of repairing or replacing property, "abstract replacement and repair values are not what Mr. Poynor's report purports to estimate."  *Id.* at 9.

> that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [4] the need asserted for the continuance and the harm that [movant] might suffer as a result of the district court's denial of the continuance.

*Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). No single factor is dispositive. *West*, 828 F.2d at 1470.

The Court turns to the first factor. Plaintiffs argue that they acted diligently by moving for a continuance "within one day of receipt of the Court's Order striking Mr. Poynor." Docket No. 66 at 3. However, as fully discussed in the Court's order, Mr. Poynor's report was facially deficient in that it lacked any meaningful explanation of how he arrived at his causation opinions, *see* Docket No. 28-2 at 1, which prevented the Court from reviewing the sufficiency of his methods. Docket No. 63 at 11-12. Thus, the exclusion of Mr. Poynor's opinions was foreseeable from the report itself. *See Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000) ("Since *Daubert*, . . . parties relying on expert evidence have had notice of the exacting standards of reliability such evidence must meet."). Moreover, plaintiffs were placed on notice of the flaws in Mr. Poynor's report as early as March 2014, when defendant filed the motion to exclude. Nevertheless, plaintiffs took no steps to address the deficiencies in Mr. Poynor's report or otherwise acquire alternative expert testimony until the Court excluded Mr. Poynor's opinions.[2] *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 897 (1990) ("a litigant's

---

[2]Plaintiffs appear to argue that, because defendant challenged Mr. Poynor's causation opinions, plaintiffs were not on notice that Mr. Poynor's Xactimate cost estimates would also be excluded. Docket No. 66 at 3. As discussed in the Court's order, Mr. Poynor's cost estimates do not purport to be cost estimates in the abstract;

3

failure to buttress its position because of confidence in the strength of that position is always indulged in at the litigant's own risk"). Because plaintiffs did not attempt to cure the facial deficiencies in Mr. Poynor's report until less than three weeks prior to trial and fail to justify such a delay, the Court cannot conclude that plaintiffs acted diligently in moving for a continuance. *Cf. Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1294 (S.D. Fla. 2010) (finding that movants failed to establish diligence when they "were on notice at least four months before [opposing party] filed its motion *in limine* . . . of the real possibility that [expert's] testimony would be stricken"). This factor weighs heavily in defendant's favor.

With respect to the second factor, plaintiffs argue that a continuance would allow them to present evidence of damages. Docket No. 66 at 3. The Court is not convinced that this factor weighs in plaintiffs' favor. For example, plaintiffs claim that the proposed amended report is based upon the causation opinions of Gregory Becker. *Id.* at 2. However, the proposed amended report contains no additional foundation for Mr. Poynor's cost estimates and does not otherwise explain how Mr. Poynor analyzed Mr. Becker's report to determine which items to include in the cost estimates. Thus, although plaintiffs claim that the proposed amended report provides only a "cost

---

rather, Mr. Poynor stated that he was retained to provide a "repair price for damages sustained by the Norman home *from* the Waldo Canyon fire" and that his estimate is of the "scope of repairs and cost to repair damages that were a *direct result of the fire*." Docket No. 28-2 at 1 (emphasis added). Thus, Mr. Poynor's cost estimates appear predicated on his facially deficient causation opinions. Plaintiffs provided no basis for concluding that Mr. Poynor's cost estimates could be reliably separated from his causation opinions. To the extent plaintiffs argue that they had no notice that Mr. Poynor's Xactimate cost estimates would be excluded, their argument is without merit.

estimate" – not causation opinions –, the proposed amended report appears vulnerable to a Fed. R. Evid. 702 challenge.  Plaintiffs could perhaps retain a new expert on the issue of damages; however, plaintiffs do not attempt to establish that a new expert could be retained, deposed, and a Rule 702 challenge resolved in the 75-day continuance they request.  *See Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1320-21 (11th Cir. 2008) ("It is well-settled that a district court may deny a continuance when there is no guarantee that granting one will enable a party to secure the crucial testimony.").  This factor weighs in defendant's favor.

With respect to the third factor, plaintiffs argue that defendant and its witnesses will not be inconvenienced by the continuance because (1) defendant is familiar with the proposed amended report and (2) plaintiffs would allow defendant to depose any newly disclosed expert witness.  Docket No. 66 at 4.  Defendant responds that a continuance would cause inconvenience because it has begun scheduling witnesses for trial, including witnesses who are out of state.  Docket No. 73 at 2.  The Court agrees with defendant, but assigns this factor lesser weight because there is no indication defendant would suffer more than the ordinary inconvenience suffered by a party opposing a continuance.  However, the Court also notes that, if plaintiffs were granted a continuance to disclose the proposed amended report or to retain a new expert, defendant and the Court would likely be required to invest time and effort in determining the reliability of any newly disclosed expert opinions.  *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005).  Thus, the Court finds that this factor weighs in defendant's favor to some degree.

Turning to the fourth factor, plaintiffs claim that they need a continuance in order

to acquire expert testimony on the issue of damages and argue that, absent a continuance, they will be prejudiced by their inability to present a damage estimate from a retained expert. Docket No. 66 at 4. Although the lack of expert testimony on the issue of damages may make proving damages at trial more difficult for plaintiffs, for the foregoing reasons, any prejudice that inures to plaintiffs is largely of their own making and reasonably foreseeable. Thus, although this factor weighs in plaintiffs' favor, the Court assigns it little weight.

After reviewing the relevant factors, the Court concludes that plaintiffs have failed to establish that they are entitled to a continuance. *See Rink*, 400 F.3d at 1296 (holding that the plaintiffs' sole reliance on a single expert to prove a key fact in their case "did not represent the kind of diligence in trial preparation that merits a continuance"). Plaintiffs are asking the Court for another try at qualifying a damages expert. Such opportunities are rarely granted given the well-known standards under Rule 702. As a result, plaintiffs' motion to continue the trial will be denied.

The Court turns to plaintiffs' motion to amend the amended final pretrial order and reopen discovery. When determining whether to permit amendment to a pretrial order courts consider "(1) [the] prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002) (quoting *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)). When determining whether to reopen discovery courts consider

1) whether trial is imminent, 2) whether the request is opposed, 3) whether

>the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Under either standard, the relevant considerations do not weigh in plaintiffs' favor. The trial is scheduled to begin on December 8, 2014. Defendant would have insufficient time to prepare for the proposed amended report or new expert opinions and defendant would be prejudiced as a result. Defendant cannot cure any such prejudice between now and trial. Given that the deadline for motions in limine has passed, defendant would have to challenge the reliability of any such expert testimony at trial outside the presence of the jury, which could cause a disruption of the trial. Moreover, as discussed above, plaintiffs have not been diligent in obtaining the expert opinions they now seek to disclose. The Court concludes that plaintiffs have failed to establish grounds for amending the amended final pretrial order or reopening discovery.

For the foregoing reasons, it is

**ORDERED** that plaintiffs' Motion to Continue Trial [Docket No. 66] and Motion to Amend the Amended Pre-Trial Order (Doc. # 47) and Pre-Trial Disclosures and Motion for Leave to Reopen Discovery to File Amended Expert Report or, Alternatively, Motion to Retain a New Damage Expert [Docket No. 67] are **DENIED**.

DATED December 2, 2014.

          BY THE COURT:

           s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge